1

2

3

4            **UNITED STATES DISTRICT COURT**

5                   **DISTRICT OF NEVADA**

6                            * * *

7

8    GOLDEN BOY PROMOTIONS, INC.,                         2:10-cv-01619-RLH-RJJ

9           Plaintiff,                                    **ORDER**

10   v.
                                                  Defendants' Motion for Leave to File Motion to
11   TOP RANK, INC. et al,                        Compel Arbitration in Redacted Form and
                                                  Under Seal (#20)
12          Defendants.
                                                  Plaintiff's Motion for Leave to File Redacted
13                                                Copies of Plaintiffs Opposition Papers To
                                                  Defendants Motion To Compel Arbitration And
14                                                File Unredacted Copies Thereof Under Seal
                                                  (#27)
15
                                                  Defendants' Motion to File Redacted and
16                                                Sealed Copies of Reply (#34)

17          This matter comes before the Court on Defendants' Motion for Leave to File Motion to

18   Compel Arbitration in Redacted Form and Under Seal (#20), Plaintiff's Motion for Leave to File

19   Redacted Copies of Plaintiffs Opposition Papers To Defendants Motion To Compel Arbitration

20   And File Unredacted Copies Thereof Under Seal (#27), and Defendants' Motion to File Redacted

21   and Sealed Copies of Reply (#34).

22                                    **BACKGROUND**

23          This case involves claims of fraud and breach of contract, among other things, related to

24   the promotional rights of world champion boxer Manny Pacquiao.  The motions listed above

25   seek permission to file redacted versions of pleadings in order to protect confidential information

26   contained in an agreement (Term Sheet) entered into by the parties that resolved previous

27   litigation.

28

1

**DISCUSSION**

2      There are two standards that generally govern motions to seal documents.  *Pintos v.*

3 *Pacific Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).  A compelling reasons standard

4 applies to most judicial records and to material attached to or included in dispositive motions.

5 *Pintos*, 605 F.3d at 678; *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179

6 (9th Cir. 2006).  To meet the compelling reasons standard, a party must overcome a strong

7 presumption in favor of access by showing articulable facts that a compelling reason exists.

8 *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).  Factors to consider include, but are

9 not limited to: "the public interest in understanding the judicial process and whether disclosure of

10 the material could result in improper use of the material for scandalous or libelous purposes or

11 infringement upon trade secrets."  *Pintos*, 605 F.3d at 679 n.6.

12      Private materials unearthed during discovery and material attached to nondispositive

13 motions may be entitled to protection upon the showing of good cause.  FED. R. CIV. P. 26(c)(1);

14 *Pintos*, 605 F.3d at 678.  The good cause standard presents a lower burden for the party wishing

15 to seal documents than the compelling reasons standard because "[t]he cognizable public interest

16 in judicial records that underlies the 'compelling reasons' standard does not exist for documents

17 produced between private litigants."  *Pintos*, 605 F.3d at 678.  "To demonstrate good cause to

18 seal a document, 'the party seeking protection bears the burden of showing specific prejudice or

19 harm will result if no protective order is granted.'"  *Baldwin v. United States*, 732 F.Supp.2d

20 1142, (D.N.Mar.I. 2010) (*quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d

21 1206, 1210-11 (9th Cir.2002)).

22      Here, the parties must meet the compelling reasons standard.  The parties seek to seal

23 unredacted copies of pleadings related to Defendants' Motion to Compel Arbitration (#21, 22).

24 A motion to compel arbitration is a disposivite motion.  *See Amisil Holdings Ltd. v. Clarium*

25 *Capital Mgmt.*, 622 F.Supp.2d 825, 826-27 (N.D.Cal. 2007) (upholding a Magistrate Judge's

26 Report and Recommendation on a motion to compel arbitration); *Branco v. Norwest Bank*

27 *Minnesota, N.A.*, 381 F.Supp.2d 1274, 1279 (D.Haw. 2005) (holding that a motion to compel

28 arbitration was timely where it was filed before the deadline to file dispositive motions).

1    If the details of the Term Sheet were released to the public it could be "[a] source of

2 business information that might harm [the] litigants' competitive standing." *Nixon v. Warner*

3 *Communications, Inc.*, 435 U.S. 589, 598 (1978) (holding that courts have refused access to

4 sources of business information that might harm a litigant's competitive standing).  While the

5 parties have failed to mention specific harms that could occur, it is apparent that the parties did

6 not intend for the information in the Term Sheet to become public because it contains detailed,

7 confidential business dealings.  This is supported by the fact that the agreement itself contains a

8 confidentiality provision and that the arbitrator ordered the parties to keep the details of the

9 agreement confidential.  Term Sheet at p.5 ¶ 13, Attached as Exhibit B to Complaint.

10 Publication of those confidential business dealings could cause harm to the litigants' business

11 and therefore constitutes a compelling reason to seal the details of the Term Sheet.

12                                   **CONCLUSION**

13    Based on the foregoing, and good cause appearing therefore,

14    IT IS HEREBY ORDERED that Defendants' Motion for Leave to File Motion to Compel

15 Arbitration in Redacted Form and Under Seal (#20), Plaintiff's Motion for Leave to File

16 Redacted Copies of Plaintiffs Opposition Papers To Defendants Motion To Compel Arbitration

17 And File Unredacted Copies Thereof Under Seal (#27), and Defendants' Motion to File Redacted

18 and Sealed Copies of Reply (#34) are **GRANTED**.

19    DATED this _17th_ day of February, 2010.

20

21

22                                   _____

23                                   ROBERT J. JOHNSTON
                                     United States Magistrate Judge

24

25

26

27

28

3